# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97889

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## PEGGY A. CLUNK

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2012 TRD 000236

**BEFORE:** Jones, J., Celebrezze, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** September 6, 2012

[Cite as *Cleveland v. Clunk*, 2012-Ohio-4059.]

**ATTORNEY FOR APPELLANT**

James D. Ingalls
20th Floor, The Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

Also listed:

Peggy A. Clunk
3612 Westpark Road
Cleveland, Ohio 44111


**ATTORNEYS FOR APPELLEE**

Victor R. Perez
City of Cleveland, Chief Prosecutor

BY: Jonathan L. Cudnik
Assistant City Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Peggy Clunk appeals her convictions for failure to yield and lights required, which were rendered after a bench trial in the Cleveland Municipal Court.   We affirm.

{¶2} At trial, plaintiff-appellee, the city of Cleveland, presented the testimony of the officer who stopped Clunk's vehicle.   The officer testified that on December 26, 2011, at approximately 6:30 p.m., he was driving in his police cruiser on Melbourne Avenue when Clunk's vehicle, traveling in the opposite direction, approached his vehicle "almost head on with no headlights on."   He testified that it was dark outside and he had to swerve to avoid hitting Clunk's vehicle.

{¶3} The officer turned around to pursue Clunk's vehicle as it headed toward the intersection of Melbourne and Lorain Avenues.   He testified that at the intersection, the vehicles traveling on Lorain Avenue have the right of way, and the vehicles traveling on Melbourne Avenue are controlled by a stop sign.   The officer saw Clunk's vehicle "enter Lorain Avenue without properly yielding [to] traffic already [on] the roadway."

{¶4} Clunk made a left-hand turn onto Lorain Avenue, and the officer then effectuated a traffic stop.   The officer testified that Clunk was "quite indignant."   "She didn't feel she should have been stopped."   The officer issued Clunk citations for failure to yield, no headlights, and failure to wear a seatbelt.

{¶5} Clunk, who appeared pro se at trial, testified that her headlights were on because they automatically come on at dusk. Clunk drove a 1990 Cadillac at the time of the incident. Clunk stated that as she was driving on Melbourne Avenue, she saw the officer's vehicle in the "middle of the street just sitting there." She "flashed" or "fiddled with" her lights, waited about 45 seconds until the vehicle moved, and then continued driving. Clunk testified that as she drove past the vehicle, she "realize[d] that [she] never turned [her] lights back on." Clunk denied that a head-on collision almost occurred.

{¶6} Clunk further testified that when she drove up to the intersection at Melbourne and Lorain Avenues, she stopped at the stop sign and saw the officer's vehicle behind her. Clunk testified that she properly waited at the stop sign until three or four cars passed on Lorain Avenue and then turned onto Lorain Avenue, at which point the officer stopped her.

{¶7} Clunk presented the testimony of the passenger in her car that evening. Clunk asked the passenger if she had her lights on and if she had to flash her lights at the officer's vehicle. The witness answered, "When you turned on the road I didn't know. I said, 'Just flash your lights. There is a car parked.'" According to the passenger, the officer's vehicle was not moving at the time. The passenger also testified that Clunk did not pull out "erratically" onto Lorain Avenue. When questioned by the court and on cross-examination, the passenger stated that Clunk did have her lights on.

{¶8} On this testimony, the trial court found Clunk guilty of failure to yield, lights

required, and the seatbelt violation.[1]   Clunk raises the following three assignments of error for our review:

> I.   The trial court erred in finding defendant/appellant guilty of the traffic offense of driving onto roadway/duty to yield as there was insufficient evidence on the essential elements of the traffic violation charged.
>
> II.   The trial court erred in finding defendant/appellant guilty for the traffic offense of lights required as there was insufficient evidence on the essential elements of the traffic violation charged.
>
> III.   The defendant's/appellant's convictions for the traffic offenses of lights required and driving onto roadway/duty to yield is against the manifest weight of the evidence.

{¶9} By these assignments of error, Clunk challenges her convictions as not being supported by sufficient evidence and as being against the manifest weight of the evidence. We consider her contentions together.

{¶10} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus.   In the simplest sense, the difference is that sufficiency tests the burden of production while manifest weight tests the burden of persuasion.   *Id.* at 390 (Cook, J., concurring).

{¶11} Sufficiency is a question of law. *Id.* at 386.

An appellate court's function when reviewing the sufficiency of the evidence to

---

[1]Clunk does not challenge the seatbelt violation.

support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under this standard, an appellate court does not conduct an exhaustive review of the record, or a comparative weighing of competing evidence, or speculation as to the credibility of any witnesses. Instead, the appellate court presumptively "view[s] the evidence in a light most favorable to the prosecution." *Jenks* at 294.

{¶12} Manifest weight is a question of fact. *Thompkins* at 387. In a manifest weight analysis, an appellate court "reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and * * * resolves conflicts in the evidence." *Id.* "A court reviewing questions of weight is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial." *Id.* at 390 (Cook, J., concurring).

{¶13} An appellate court may not merely substitute its view for that of the jury, but must find that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.* at 387. *See also id.* at 390 (Cook, J., concurring) (stating that the "special deference given in a manifest-weight review attaches to the conclusion reached by the trier of fact"). Accordingly, reversal on manifest

weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." *Id.* at 387.

{¶14} Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency when conducting the analysis; that is, a finding that a conviction was supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *Id.* at 388. In this case, manifest weight is dispositive.

{¶15} Under Cleveland Codified Ordinances 431.22, a driver has a duty to yield the right-of-way to all traffic approaching on the roadway to be entered or crossed. Under Cleveland Codified Ordinances 437.02, vehicles traveling on streets or highways are required to have their headlights on from sunset to sunrise.

{¶16} The weight of the evidence supported the convictions. The officer testified that it was dark as he was driving on Melbourne Avenue, and he had to swerve to avoid a head-on collision with Clunk's vehicle, which was being operated without its headlights on. The officer then turned around to pursue Clunk's vehicle and saw the vehicle being driven onto Lorain Avenue without yielding.

{¶17} Although Clunk testified that she did have her headlights on while driving on Melbourne Avenue and that she did properly yield before proceeding onto Lorain Avenue, the trier of fact is the best judge of credibility and the weight to be given to witness testimony. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

"'When conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony.'" *State v. Moore,* 2d Dist. No. 20005, 2004-Ohio-3398, ¶ 52, quoting *State v. Gilliam*, 9th Dist. No. 97CA006757, 1998 Ohio App. LEXIS 3668 (Aug. 12, 1998).

{¶18} The officer's testimony was credible. Further, we are not persuaded by Clunk's contention that the trial court lost its way because it commented that Clunk's testimony was that her lights were off. Clunk clarified for the trial court that her testimony was that her lights were on. After that clarification, the trial court asked Clunk if the officer had lied when he said that her lights were not on, to which Clunk responded "yes." The trial court simply did not find Clunk's testimony credible.

{¶19} On this record, the convictions were not against the manifest weight of the evidence, and therefore the evidence was necessarily sufficient to support them. Accordingly, the three assignments of error are overruled.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is

terminated.    Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
COLLEEN CONWAY COONEY, J., CONCUR