[Cite as *Cleveland v. Brewer*, 2020-Ohio-1380.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | No. 108365 |
| v. | : | |
| JORDAN BREWER, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** April 9, 2020

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2018-CRB-009423

---

### *Appearances:*

Scalise Legal Services, L.L.C., and Stephanie B. Scalise, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} On June 14, 2018, the trial court found defendant-appellant Jordan Brewer ("Brewer") guilty of domestic violence, a first-degree misdemeanor, in violation of R.C. 2919.25; unlawful restraint, third-degree misdemeanor, in violation of Cleveland Codified Ordinances ("CCO") 621.08; and endangering

children, first-degree misdemeanor, in violation of CCO 609.04. Jordan received a suspended sentence of 180 days.

**{¶ 2}** Counsel appointed to represent Brewer in the instant appeal has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and requested leave to withdraw as counsel. *Anders* held that where, after a conscientious examination of the case, appellate counsel is unable to find any meritorious issues for review, then counsel should inform the court and request permission to withdraw from the case. *Id.* at 744. In addition, the request must be

> accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.*

**{¶ 3}** Counsel offers that there are no meritorious arguments in this case, and asks this court to permit her to withdraw and grant additional time for Brewer to submit his own brief, or retain alternate counsel to do so on his behalf. Brewer was afforded an opportunity to file a pro se brief in this appeal on or before October 7, 2019. As of this writing, Brewer has not filed a brief. After a thorough review of the record, we grant counsel's motion to withdraw and dismiss this appeal.

## I. Discussion of Potential Assignment of Errors

### A. Dual Representation

{¶ 4} Counsel identified a possible assignment of error regarding dual representation but then determined it would have been meritless. Brewer and his codefendant were represented by the same attorney at trial. "In situations like this, where no objection is raised to the court regarding the joint representation, appellant 'must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.'" *State v. Clark*, 8th Dist. Cuyahoga No. 87938, 2007-Ohio-713, ¶ 12, citing *Cuyler v. Sullivan*, 446 U.S. 348, 100 S.Ct. 1718, 64 L.Ed.2d 333 (1980).

{¶ 5} The trial court advised Brewer and his codefendant of their right to separate counsel. The trial court stated,

> Each of you understands that you could have separate attornies [sic] that should your legal interests take separate paths, that is, there could be a conflict of interest for the one attorney representing you? And it's my understanding that this has been explained to you and that you are currently waiving any conflict that could exist in that you are, you know, comfortable with having Mr. Kochis represent each of you in this proceeding * * *.

(Tr. 4.) Both defendants replied that there were waiving any conflict.

{¶ 6} There is nothing in the record that demonstrates that Brewer was prejudiced or adversely affected by the dual representation of Brewer and his codefendant. Therefore, Brewer was not prejudiced by ineffective assistance of counsel.

## B.    Sufficiency of the Evidence

{¶ 7}    Counsel also considered whether Brewer may be able to successfully challenge the sufficiency of the evidence.  "When performing a sufficiency inquiry, an appellate court does not assess whether the state's evidence is to be believed but whether, if believed, the evidence admitted at trial supported the conviction." *State v. Capp*, 8th Dist. Cuyahoga No. 102919, 2016-Ohio-295, ¶ 20.

{¶ 8}    According to counsel, the city presented testimony of the complaining victim, which was nearly identical to that of the second witness.  Photographic evidence of the victim's injuries was also entered into the record.  The evidence admitted at trial supported the elements of the convictions and therefore, the evidence was sufficient to convict Brewer.  Our independent review of this potential error concluded that a challenge to sufficiency would have been futile.

## C.    Manifest Weight of the Evidence

{¶ 9}    Brewer could also challenge the manifest weight of the evidence. Manifest weight is a question of fact.  *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).  In a manifest weight analysis, an appellate court "reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and * * * resolves conflicts in the evidence." *Id.*

{¶ 10} Counsel, in her brief, notes that the prosecution presented two witnesses:  the victim and the relative.  Both witnesses testified to the events that occurred and their testimonies were consistent.  A police officer also testified that the victim's testimony and police report were consistent.  In contrast, the appellant

and his codefendant testified to a competing version of events. The trial court determined that the victim, the witness, and the police officer's testimonies were more consistent. The record does not demonstrate that the trial court "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Cleveland v. Clunk*, 8th Dist. Cuyahoga No. 97889, 2012-Ohio-4059, ¶ 13. Therefore, the manifest weight of the evidence supported Brewer's convictions.

### D. Sentencing

{¶ 11} Brewer was sentenced to 180 days in jail on the domestic violence charge, and the trial court elected not to sentence him to jail time on the other two counts. The trial court suspended 179 days of the 180 day sentenced, and gave Brewer one-day credit for time served. Brewer was ordered to pay a $50 fine, and was placed on probation for two years.

{¶ 12} Brewer's sentence was well within the statutory range of sentencing, which is governed by R.C. 2929.24.

> If the sentencing court imposing a sentence upon an offender for a misdemeanor elects or is required to impose a jail term on the offender pursuant to this chapter, the court shall impose a definite jail term that shall be one of the following:
>
>> (1)    For a misdemeanor of the first degree, not more than one hundred eighty days;
>>
>> (2)    For a misdemeanor of the second degree, not more than ninety days;
>>
>> (3)    For a misdemeanor of the third degree, not more than sixty days;

> (4) For a misdemeanor of the fourth degree, not more than thirty days.

R.C. 2929.24(A).

**{¶ 13}** Therefore, Brewer was not prejudiced by the guilty verdict or a sentence that is contrary to law.

**{¶ 14}** As required by *Anders*, this court has completed a full examination of all the proceedings. We conclude that there are no arguable legal points on the merits of this matter. We determine that this appeal is wholly frivolous pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Counsel's request to withdraw is granted, and we dismiss this appeal.

**{¶ 15}** Judgment is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, A.J., and
MARY EILEEN KILBANE, J., CONCUR